THE PEOPLE OF THE STATE OF NEW YORK ex rel.
JOHN J. WESTRAY, Appellant, v. THE MAYOR,
ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK, Respondent.

*A Commissioner of Accounts of New York city — may be removed at pleasure by the Mayor.*

The Commissioner of Accounts of the city of New York, appointed under section
106 of chap. 335 of 1873, may be removed at the pleasure of the mayor ; and
section 28 of said act, requiring removals to be for cause, has no application to
him.

Appeal from an order made at the New York Special Term,
denying an application to reverse the proceedings under which
the relator was removed from the office of Commissioner of
Accounts of the city of New York, and dismissing the writ of *cer-
tiorari* issued to review the same.

*A. Bell Malcomson, Jr.*, for the relator.

*William C. Whitney*, for the respondent.

Potter, J. :
This is an appeal from the order of Special Term of this court
denying a motion to reverse the proceedings removing the relator
from the office of commissioner of accounts of said city, and dis-
missing the writ of *certiorari* to bring up said proceedings.

It appears the relator was duly appointed by the mayor of said
city in January, 1875, one of the commissioners of accounts,
under section 106 of the Laws of 1873, chapter 335. He filled

that office till June, 1877, when he was removed by the mayor, not for cause, but in the exercise of his pleasure.

It is contended by the appellant that the mayor had no power to remove this officer, except for cause, and that the officer must be informed of the cause of his proposed removal and allowed an opportunity of making an explanation pursuant to section 28 of that act. We think the section (28) has no application to the office in question, and that the decision of the court at Special Term was correct.

Upon an examination of the scheme of the act of 1873, we think it will be manifest that the government of the city has its head in the mayor, and its functions are committed to certain departments and bureaus specified in the act.

That the mayor as head, with certain restrictions, is to appoint certain commissioners and the heads of departments. (Section 25.) The heads of departments are given the power to appoint the heads of bureaus into which the departments are divided, as also all clerks in their respective departments. (Section 28.) By section twenty-five no head of department or other officer whose appointment is provided for under this section, and no head of a bureau or clerk appointed under section twenty-eight, can be removed except for cause. The question in this case is simply this, was the relator one of the officers specified in section twenty-five, or a head of a bureau or clerk as specified in section twenty-eight? Section twenty-five provides for the heads of departments and that class of commissioners who have charge of departments or bureaus. The relator's commission was not of the class or character specified in section twenty-five. This is further manifested by the fact that if the commissioner of accounts was embraced in section twenty-five there was no occasion for section 106, which specifically and only provides for commissioners of account. These sections were passed at the same time, and form distinct parts of one act. Section 106 not only provides for the appointment, but the removal of the relator by the mayor, showing that the power of appointment and removal is derived from section 106 and not section twenty-five. It is very clear that section twenty-eight has no relation to the office of commissioner of accounts. That section provides for the appointment of heads of bureaus and clerks by the

heads of departments, and the manner of their removal. The relator was not a head of a bureau or clerk. He was appointed by the mayor and not by the head of a department, who alone appoints heads of bureaus and clerks. We conclude the mayor had the right of removal of the relator at his pleasure, and the court cannot challenge or review the exercise of that pleasure.

The order should be affirmed, with ten dollars costs, and disbursements for printing, etc.

INGALLS, P. J., concurred.

Present — INGALLS, P. J., and POTTER, J.

Order affirmed, with ten dollars costs, and disbursements.